TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendant*
 *Vince Luis Hocog Cruz*

FILED
DISTRICT COURT OF GUAM
OCT 10 2007
JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

----------

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. 04-00053-001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MOTION FOR** |
| vs. | ) | **BILL OF PARTICULARS;** |
| | ) | **CERTIFICATE OF SERVICE** |
| VINCE LUIS HOCOG CRUZ | ) | |
| | ) | |
| Defendant. | ) | |

----------

### MOTION

Comes now Defendant, VINCE LUIS HOCOG CRUZ, and submits this Motion for a Bill of Particulars under Rule 7(f) of the Federal Rules of Criminal Procedure. This motion is based upon the attached Memorandum in Support of Motion for a Bill of Particulars.

### MEMORANDUM

The Indictment in Count I charges Defendant with criminal acts, but does not specify what particular acts were allegedly criminal, who committed the acts, and does not specify any evidence to support said acts. The Motion for a Bill of Particulars is addressed to these issues. Defendant

seeks a Bill of Particulars that specifically answers these questions.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars upon motion made by Defendant. A Bill of Particulars provides the Defendant details of the charges necessary to prepare a defense, to avoid prejudicial surprise at trial and to protect against a second prosecution based upon the same facts. *U.S. v. Chavez*, 845 F.2d 219, 220 (9th cir. 1988); **Kreck v. Spaulding**, 721 F.2d 1229, 1232 (9th Cir. 1983); *U.S. v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979).

A Bill of Particulars should be ordered where it will avoid or minimize surprise at trial and permit the preparation of an adequate defense. *U.S. v. Diceasare*, 765 F.2d 890, 897 (9th Cir. 1985) ("Bill of Particulars is appropriate when the indictment is insufficient to permit the preparation of an adequate defense"). Among the functions a Bill of Particulars serves is "to enable [a defendant] to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purpose." *U.S. v. Giese*, 597 F.2d 1170 (9th Cir. 1979).

Whether to grant a Bill of Particulars is a matter within the sound discretion of the trial court. *U.S. v. Chavez*, 845 F.2d at 220. The test in ruling on such a motion is whether deprivation of the information sought will render the defendant unable to adequately prepare a defense, avoid a surprise, or avoid later risking double jeopardy. *U.S. v. Chavez*, 845 F.2d at 220; *U.S. v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971), 405 U.S. 936.

A defendant should not be deprived of information to prepare a defense simply because the information sought might be used by the government as evidence. *U.S. v. Crisona*, 416 F.2d 107 (S.D.N.Y. 1967), 397 U.S. 961. Moreover, a motion for a Bill of Particulars cannot be denied on the theory that a defendant "knows" what he "did." Such a ruling stands on the presumption of

innocense on its head by assuming that the defendant knew what his own "guilty" acts were.

Because a Bill of Particulars is founded on the Sixth Amended right to defend, doubt must be resolved in favor of disclosure. Otherwise, prejudice would result. Prejudice in this context is defined in terms of the impairment of the defendant to intelligently and effectively mount a defense. *See, e.g. U.S. v. Valenzuela-Bernal*, 102 S.Ct. 3440 (1982). When a charging document lacks sufficient particularity to allow a defendant to prepare a defense, the defendant's ability to confront adverse witnesses and to use compulsory process is seriously inhibited. His right to due process thus is clearly implicated.

In the *instant* case, Defendant is charged in Count I of the Indictment with Distribution of Methamphetamine Hydrochloride in violation of 18 U.S.C. § 2, and 21 U.S.C. §§ 841(a)(1) and 846. More specifically, Count I alleges that Defendant, beginning on or about January, 2001, and continuing to November 13, 2003, in the District of Guam, did unlawfully and knowingly distribute more than 1.5 kilograms of ice.

Nowhere in the discovery provided by the government is there any mention of Defendant distributing more than 1.5 kilograms of ice. Therefore, Defendant requests that this Court grant Defendant's Motion for a Bill of Particulars so that he can adequately prepare his defense. In the alternative, Defendant requests that the Court dismiss Count I of the Indictment for lack of sufficient evidence.

RESPECTFULLY SUBMITTED this 10[h] day of October, 2007.

TEKER TORRES & TEKER, P.C.

By _____
SAMUEL S. TEKER, ESQ., Attorneys for
Defendant, *Vince Luis Hocog Cruz*

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

# CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury according to the laws of the United States, that on this date I caused to be served, via hand delivery, filed-stamped copies of this document entitled *Defendant's Motion for Bill of Particulars; Certificate of Service*, on the following:

        Office of the United States Attorney
        108 Hernan Cortez Avenue, Suite 500
        Hagåtña, Guam 96910

DATED at Hagåtña, Guam, on October 10, 2007.

                                          */s/*
                                  **SAMUEL S. TEKER**

KR:SST:cs
PLDGS:CRUZ, VINCE L.H.-USA vs.:003

**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4