TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendant*
*Vince Luis Hocog Cruz*

FILED
DISTRICT COURT OF GUAM

FEB 01 2008

JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

----------

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 04-00053-001 |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANT'S MOTION TO** |
| vs. ) | **EXCLUDE EVIDENCE;** |
| ) | **CERTIFICATE OF SERVICE** |
| VINCE LUIS HOCOG CRUZ ) | |
| ) | |
| Defendant. ) | |

----------

## I.

## MOTION

Defendant VINCE LUIS HOCOG CRUZ ("CRUZ") moves the Court for an order excluding evidence of two drug ledgers that the Government intends to introduce at trial.

## II.

## STATEMENT OF FACTS

The Government intends to introduce as evidence against the Defendant two drug ledgers,

marked as Government's Exhibits 4 (Ledger 1) and 7 (Ledger 2). The alleged drug ledgers were seized by the Government in a separate criminal case sometime in 2004. Ledger 1 was purportedly written and owned by Chahn Dihn (Chris) Nguyen, and Ledger 2 was purportedly written and owned by Thu Loan Thai (Kimmie) Dang. It is Defendant's belief that Nguyen will not testify at trial and therefore, Ledger 1 should be excluded on the grounds of hearsay. With respect to Ledger 2, by the Government's own admission, it is merely a handwritten copy of Ledger 1 made by Dang after she arrived back on Guam and Dang does not have firsthand knowledge of the activities in Ledgers 1 or 2 and, therefore, Ledger 2 should also be excluded on the grounds of hearsay.

## III.

## **MEMORANDUM**

A. **"'HEARSAY' IS A STATEMENT OTHER THAN ONE MADE BY THE DECLARANT WHILE TESTIFYING AT TRIAL OR HEARING OFFERED INTO EVIDENCE TO PROVE THE TRUTH OF THE MATTER ASSERTED." Fed.R.Evid. 801(c).**

Where drug ledgers are admitted to show the truth of the matters asserted in them, the government must lay a foundation sufficient to allow their admission under various exceptions to the rule against hearsay. *United States v. Huguez-Ibarra*, 954 F.2d 546, 552 (9th Cir. 1992). Where ledgers are admitted only to show "that the type of activities charged in the indictment were being carried out in the residence," the hearsay rule does not apply, and no foundation concerning authorship need be laid. *Id.* The evidence is admissible if there is a sufficient showing of relevance and authenticity, and if its probative value outweighs the potential prejudice.

In the *instant* case, the Government intends to introduce the ledgers to prove that Nguyen and Dang were selling large quantities of "ice" to Defendant, who in turn then distributed the drugs to others. The Government intends to use the ledgers to "prove the truth of the matter asserted."

///

///

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TEL: (671) 477-9891-4

Ledger 1 must be excluded because its author will not testify at trial. Ledger 2 must be excluded because it is merely a handwritten copy of Ledger 1 made by someone without firsthand knowledge of the events described within.

Based on the foregoing reasons, the Ledgers must be excluded.

Respectfully submitted this 1st day of February, 2008.

**TEKER TORRES & TEKER, P.C.**

By _____
**SAMUEL S. TEKER, ESQ.**, Attorneys for
Defendant, *Vince Luis Hocog Cruz*

## CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury according to the laws of the United States, that on this date I caused to be served, via hand delivery, filed-stamped copies of this document entitled *Defendant's Motion to Exclude Evidence; Certificate of Service*, and the accompanying *Notice of Motion* on the following:

>Office of the United States Attorney
>108 Hernan Cortez Avenue, Suite 500
>Hagåtña, Guam 96910

DATED at Hagåtña, Guam, on February 1, 2008.

_____
**SAMUEL S. TEKER**

SST:cs
PLDGS:CRUZ, VINCE L.H.-USA vs.:015