

vincecruz.rsp

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM
FEB 0 6 2008
JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 04-00053 |
| Plaintiff, | **UNITED STATES RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE DRUG RECORDS** |
| vs. | |
| VINCE LUIS HOCOG CRUZ, | |
| Defendant. | |

Defendant moves to exclude from trial Exhibits 4 and 7, which are drug records of transactions between the Chan-Dang ice trafficking ring and the defendant. Kimmie Dang will testify that Exhibit 4 contains notes of drug transactions prepared by Chanh Nguyen, one of the conspirators who was arrested with Chan and Dang on November 13, 2003. Dang will testify that sometimes, such as when she was off-island, Nguyen would make notations of the ice being distributed by their organization. When she returned, she would review the transactions with Nguyen, then resume keeping the books. She will testify that Nguyen gave her Exhibit 4 and explained the quantity of ice defendant had received and money he had paid to the organization. She recorded this data in her own notebook, Exhibit 7, followed by subsequent transactions with

-1-

the defendant on September 7 and 8, 2003.

The writings in Exhibits 4 and 7 are statements of identified co-conspirators, and hence are not hearsay. Federal Rule of Evidence 801(d)(2) provides in pertinent part:

> (d) Statements which are not hearsay. A statement is not hearsay if–...
>
> (2) Admission by part-opponent. The statement is offered against
> a party and is ... (E) a statement by a coconspirator of a party
> during the course and in furtherance of the conspiracy.

Drug ledgers are admissible as a co-conspirator's statement under certain circumstances. Like every other type of statement made by a co-conspirator, the identity of the declarant must be known. The statement by an unidentified person cannot qualify under Rule 801(d)(2)(E) because there is no way to establish how the declarant is connected to the conspiracy. In United States v. Ordonez, 737 F.2d 793 (9th Cir. 1984), the court held that a drug ledger could not be used as a statement of a co-conspirator because it was made by at least four unidentified persons. United States v. Mouzin, 785 F.2d 682 (9th Cir. 1986) held that a drug ledger found at the residence of a co-conspirator would be admissible in trial against the defendant if there was independent proof of the existence of a conspiracy, if the proposed writings were made in furtherance of the objectives of the conspiracy, and if the proffered writings were made during the course of the conspiracy. Necessarily, to establish these three conditions, "the litigants must know the identity of the declarant." Id. at 692. In Mouzin, the government could not prove who had authored the drug ledger, nor did it reference any of the people charged in the conspiracy. Hence, it was inadmissible for lack of the proper foundation.

In United States v. Smith, 893 F.2d 1573, 1578 (9th Cir. 1990), however, the court held that a calendar containing drug annotations was admissible because witnesses testified it had been written by one of the co-conspirators (who had since died), that the record was made in furtherance of the object of the conspiracy (drug distribution), and that it was made during the course of the conspiracy (the years 1982-83, when the author was actively engaged with the other

-2-

defendants). Similarly, the court sustained the use of drug records in <u>United States v. Valencia</u>, 811 F.2d 1232, 1237 (9th Cir. 1987), because the records were identified as being in the handwriting of one of the defendants on trial. Thus, they could be used against him as an admission, and against his two confederates as the statement of a co-conspirator.

In this case, Kimmie Dang will identify Exhibit 4 as being the handwriting of co-defendant Chris Nguyen, and Exhibit 7 as being in her own hand. She will testify that she and others were engaged in a conspiracy to distribute ice, and that she and others kept records of the quantities given to their various distributors, and the amount monies paid in return. Because these records were made in furtherance of the conspiracy and during its course, by persons identified as being co-conspirators, they are admissible.

Respectfully submitted this 6th day of February 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: *[signature]*
KARON V. JOHNSON
Assistant U.S. Attorney