TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

Attorneys for Defendant
*Vince Luis Hocog Cruz*

FILED
DISTRICT COURT OF GUAM
APR 1 8 2008
JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>VINCE LUIS HOCOG CRUZ,<br><br>Defendant. | CRIMINAL CASE NO. 04-00053-001<br><br>**DEFENDANT'S RENEWED MOTION TO SUPPRESS EVIDENCE; CERTIFICATE OF SERVICE** |

## I.

## MOTION

Defendant VINCE LUIS HOCOG CRUZ ("CRUZ") moves the Court for an order suppressing evidence illegally taken from Defendant's girlfriend's residence on January 29, 2003, as the search of the residence was made without a warrant and without consent.

## II.

## STATEMENT OF FACTS

On February 7, 2002, Defendant was released on parole from the territory of Guam, Department of Corrections and signed a form agreeing to "permit parole officers to search his person, vehicle and residence for firearms and illegal controlled substances at any time such search

is requested." At that time, Defendant was residing in the village of Mongmong.

On January 24, 2003, Defendant requested permission from his Parole Officer Donna Cruz if he could move to Tamuning to reside with his girlfriend, Millie Santos. Ms. Cruz changed Defendant's status and verbally approved the Defendant to live with Ms. Santos, but only for the weekend. Defendant was to call in on Monday, January 27, 2003 to further discuss issues. Defendant did not call.

On January 22, 2003, it is alleged that Defendant was seen at McDonald's around midnight and, according to Correction Officer Taijeron, appeared to be intoxicated. On January 29, 2003, Ms. Cruz informed Parole Officer Martinez that she wanted to follow-up on Defendant's status, aptly named "Walk to Remember."

On January 29, 2003, at approximately 9:55 p.m. Guam Parole Officers Donna Cruz, Charfauros, Martinez and Correction Officer Gray went to Millie's condo to conduct a spot check at the alleged residence of parolee Defendant Cruz located at B-31 Sunset Villa Condominium, Tamuning, Guam. Ms. Cruz noticed there were several beer bottles outside the entrance to the condo. Ms. Cruz knocked on the door and Defendant answered. Ms. Cruz asked Defendant if they could "just look around." The officers entered the residence and walked straight into the bedroom. While in the bedroom, officers noticed a dark colored bag situated on top of a VCR. A search of the bag resulted in the discovery of ziplock bags, rubber bands and a scale. Officer Martinez continued the search and located a substantial amount of U.S. currency inside a vanity drawer. At that time, Defendant was handcuffed and instructed to be seated on the bed. Soon thereafter, the Lessee of the condominium, Millie Santos arrived. Defendant was removed from the residence for safety reasons, taken into custody and the residence was secured.

Ms. Cruz and Officer Martinez went back to the condo to continue searching and despite the

officers' contentions, Ms. Santos denies giving consent to the search. The remainder of the search yielded a glass "ice" pipe in a trash can and a zip lock bag partially filled with a crystalline substance which appeared to be ice, which was found in the master bedroom closet within the pocket of a light blue sweater.

## III.

## MEMORANDUM

### A. DEFENDANT'S FOURTH AMENDMENT RIGHTS WERE VIOLATED WHEN THE PAROLE OFFICERS PERFORMED A WARRANTLESS SEARCH OF HIS RESIDENCE.

The Fourth Amendment restrains the government from performing "unreasonable searches and seizures. *U.S. Const. Amend IV.* Warrants are generally required to search a person's home or his person unless 'the exigencies of the situation' make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment. *People v. Cundiff*, 2006 Guam 12, citing; *Mincey v. Arizona*, 437 U.S. 385, 393-394 (1978).

"In the absence of a warrant, the police may lawfully conduct a search or seizure only if an exception to the warrant requirement applies."*People v. Chargualaf*, 2001 Guam 1. "The general rule that warrantless searches are presumptively unreasonable, however, is subject to certain well established exceptions...."*People v. Camacho*, 2004 Guam 6. Exceptions include voluntary consent to the search, *People v. Santos*, 1999 Guam 1, as well as police officers' good faith reliance on a defective search warrant and the plain view doctrine. *Camacho supra* at 16.

In the *instant* case, the Parole Officers state that they conducted their search of Defendant's residence as per his conditions of release. The Statement of the Conditions under which Parole was granted that was provided to Defendant upon his release requires that his residence, vehicle and person be subject to search. *See* Government's Exhibit 1. However, the Guam statute specifying

conditions of parole does not contain this provision. Specifically, 9 GCA § 80.80 provides in relevant part:

    a.      If a prisoner is released on parole, the board shall require as a condition of his parole that he refrain from engaging in criminal conduct. The board may also require, as a condition of parole, either at the time of his release on parole or at the time and from time to time while he remains under parole, that he:

    (4)      report, as directed, upon his release to his parole officer at such regular intervals as may be required, answer all reasonable inquires by the parole officer, <u>and permit the officer to visit him at reasonable times at his home or elsewhere.</u>

    b.      Before release on parole, a parolee shall be provided with a certificate of parole setting forth the conditions of his parole, and shall sign a statement agreeing to such conditions.

Again, § 80.80 does not state that a parolee's residence is subject to search. The only requirement is that the officer is permitted to visit the parolee "at reasonable times at his home or elsewhere." There is a conflict between the law and the parole release conditions. As a matter of course, a statute must trump the release conditions.

Generally, a non-consensual search violates the Fourth Amendment unless it is conducted pursuant to a validly issued warrant supported by probable cause. *Camara v. Municipal Court*, 387 U.S. 523, 528 (1967). When a Fourth Amendment intrusion serves special government needs beyond those of normal law enforcement, however, a warrant may not be required. *National Treasury Employees Union v. Von Raab*, 489 U.S. 656, 665, (1989). The Supreme Court has concluded that probation searches fall within this category. *Griffin v. Wisconsin*, 483 U.S. 868, 878, 107 S.Ct. 3164, 3170, 97 L.Ed.2d 709 (1987). In *Griffin,* the Supreme Court concluded that a warrantless probation search did not violate the fourth amendment because it was conducted pursuant to a Wisconsin law authorizing such searches when supervisory approval was first obtained and

reasonable grounds existed to believe contraband would be found. The Court held that the need for flexibility within the probation system and the special relationship existing between a probationer and his probation officer justified departing from the usual warrant requirement. *Id.* at 876. The Court specifically declined, however, to consider the state's argument that "any search of a probationer's home by a probation officer is lawful when there are 'reasonable grounds' to believe contraband is present." *Id.* at 880." *Griffin* stands for the proposition that reasonableness for probationary searches may be established by statute, rather than by warrant." ***United States v. Schoenrock***, 868 F.2d 289, 292 (8th Cir.1989).

In an unpublished November 27, 2007 decision, the Ninth Circuit Court of Appeals upheld the district court's denial of a Defendant's Motion to Suppress in ***U.S. v. Rios***, 2007 W.L. 4180151. The Ninth Circuit Court of Appeals held that the territory of Guam Parole Board's condition authorizing warrantless, suspicionless searches was authorized under territory of Guam law. The Ninth Circuit Court of Appeals also held that reasonable suspicion was unnecessary as territory of Guam law permits suspicionless searches of parolees. The Ninth Circuit Court of Appeals relied on ***Samson v. California***, 126 S.Ct. 2193, 2199 (2006), where the Supreme Court held that reasonable suspicion is not required where state law authorizes suspicionless searches.[1] Rios' petition for panel rehearing and rehearing *en banc* was denied on January 11, 2008. Rios has since filed a Petition for Writ of Certiorari in the Supreme Court of the United States.

In the ***instant*** matter, Defendant still asserts there is no statute or law in Guam requiring a parolee to subject his residence to a warrantless search. In relying on both ***Griffin*** and ***Samson***, the

---

[1] Rios had also appealed the four-level enhancement of his sentence under §2K2.1(b)(6) of the United States Sentencing Guidelines. The Ninth Circuit Court of Appeals affirmed the district court's decision to apply the enhancement. Rios does not question that portion of the Ninth Circuit Court of Appeals decision.

search conducted by Guam Parole Officers violated Defendant's Fourth Amendment right protecting him against unreasonable searches and seizures. The officers entered his residence, walked straight into the bedroom, searched inside a bag and searched through the drawers and a closet *without* any justification or legal authority. As such, all evidence unlawfully seized should be suppressed as evidence.

### B. THE SEARCH OF THE CONDO WAS ILLEGAL BECAUSE DEFENDANT DID NOT RESIDE THERE.

Defendant contends that the search of the condo was illegal because he did not reside there and, therefore, his parole consent to search his residence does not apply to Millie Santos' condo. It is undisputed that the condo searched was rented by Millie Santos. It is also undisputed that Defendant was only to reside at Millie's condo for the weekend of January 25 - 26, 2003, and Parole Officer Donna Cruz knew it. (*See* Government Exhibit 2). Therefore, assuming that Defendant did give a valid consent to search his residence, he did not consent to the Guam Probation Office to search the residence of Millie Santos. Millie Santos asserts that she did not consent to the second search and, therefore, without valid consent, both searches of the residence were illegal.

Of course, officials may not search a home without a warrant based on the parolee/probationer exception if the home is not the residence of the parolee or probationer. *See, e.g., Motley v. Parks*, 432 F.3d 1072, 1078 (9th Cir. 2005) (*en banc*); *Moore v. Vega*, 371 F.3d 110, 116 (2d Cir. 2004); *See also Steagald*, 451 U.S. at 220, 101 S.Ct. 1642 (holding that officials may not enter a third-party's home to locate the subject of an arrest warrant unless they also hold a search warrant for the home). However, if officials reasonably believe that a parolee or probationer lives at a particular house, courts analyze the search as if the parolee or probationer in fact lived there. *Motley*, 432 F.3d at 1078; *Moore*, 371 F.3d at 117. In the instant case, Ms. Cruz could not have

possibly reasonably believed that Defendant resided in Ms. Santos' condo when it was searched.

### C. ALL EVIDENCE FOUND DURING THE ILLEGAL SEARCH MUST BE SUPPRESSED.

If initial entry into a house violates a Defendant's Fourth Amendment rights, any evidence found in the ensuing warrantless search is "fruit of the poison tree." ***Wong Sun v. United States***, 371 U.S. 471 (1963), ***People v. Hernandez***, 199 Cal.App.3d 1182, 1187 (1988). It is clear that the Parole Officers' search of Defendant's residence was unlawful and not authorized. Their entry into the residence violated Defendant's constitutional rights and all evidence found during the unlawful search must be suppressed.

## IV.

## CONCLUSION

Guam Parole Law does not permit parole officers to search a parolee's temporary sleeping quarters without a warrant; and evidence obtained from a tenant's apartment, after she denied permission to search <u>cannot</u> be used against the other occupant of the apartment. Furthermore, it is Defendant's position that the unincorporated territory of Guam does not posses the same powers as a sovereign state and cannot allow territorial parole officers to impose warrantless, suspicionless search conditions on its territorial state parolees, a condition that can only be imposed upon territorial federal parolees by a federal judge.

***Respectfully submitted*** this 18th day of April, 2008.

TEKER TORRES & TEKER, P.C.

By /s/
**SAMUEL S. TEKER, ESQ.**, Attorneys for
Defendant, ***Vince Luis Hocog Cruz***

## CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury according to the laws of the United States, that on this date I caused to be served, via hand delivery, filed-stamped copies of this document entitled *Defendant's Renewed Motion to Suppress Evidence; Certificate of Service*, on the following:

>  Office of the United States Attorney
>  108 Hernan Cortez Avenue, Suite 500
>  Hagåtña, Guam 96910

DATED at Hagåtña, Guam, on April 18, 2008.

_____
**SAMUEL S. TEKER**