1  VHCruz.exh

2  LEONARDO M. RAPADAS
   United States Attorney
3  KARON V. JOHNSON
   Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Avenue
5  Hagatna, Guam  96910
   TEL:  (671) 472-7332
6  FAX:  (671) 472-7334

7  Attorneys for the United States of America

8

                **IN THE UNITED STATES DISTRICT COURT**
9
                  **FOR THE TERRITORY OF GUAM**
10
   UNITED STATES OF AMERICA,          )      CRIMINAL CASE NO.  04-00053
11                                     )
                        Plaintiff,     )
12                                     )      **UNITED STATES' RESPONSE**
                vs.                    )      **ON STANDING**
13                                     )
   VINCE LUIS HOCOG CRUZ,             )
14                                     )
                        Defendant.     )
15  _____    )

16

17        After indicating in his last motion that he was not residing at his girlfriend's residence, defendant

18  now understands the significance of that admission, and is back peddling.   He asserts he has standing to

19  contest the search of his girlfriend's house because he had a reasonable expectation of privacy there.

20  Obviously, if this is true, he has standing to object to the search.  United States v. Davis, 932 F.2d 752

21  (9th Cir. 1991) is one of a long line of cases dealing with people who may not be living at a residence,

22  but have control and access to it, and store their personal belongings there.  In Davis, for example, the

23  defendant had a key to the apartment.

24        Defendant's problem is Millie Cruz' sworn declaration submitted at the last hearing.  This search

25  occurred January 29, 2003, which was a Wednesday.  Ms. Cruz swore that defendant was not staying

26  there, that he  only had a "small basket of clothes" in the bedroom, and that he kept his own residence.

27  In particular, she acknowledges that he had no permission from his parole officer to remain overnight,

1   because his permission to stay at the residence had been limited to the weekend, January 24-26, 2003.

2   He did not have a key to the residence or any authority or control over it.  He appears to have been a

3   mere visitor who was present at the apartment on Wednesday night because Ms. Cruz had let him in.

4   Unless defendant can establish he was more than a mere visitor, his motion should be dismissed for lack

5   of standing.

6           Respectfully submitted this __2nd__ day of June, 2008.

7

8                                           LEONARDO M. RAPADAS
                                            United States Attorney
9                                           Districts of Guam and CNMI

10

11                               By:    /s/ Karon V. Johnson_____
                                        KARON V. JOHNSON
12                                      Assistant U.S. Attorney