**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendant*
*Vince Luis Hocog Cruz*

**FILED**
DISTRICT COURT OF GUAM
MAY 30 2008 P.D.
**JEANNE G. QUINATA**
**Clerk of Court**

IN THE DISTRICT COURT OF GUAM

----------

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 04-00053-001 |
| Plaintiff, | |
| vs. | **DEFENDANT'S MEMORANDUM RE STANDING; CERTIFICATE OF SERVICE** |
| VINCE LUIS HOCOG CRUZ | |
| Defendant. | |

----------

This Court requested both parties to submit Memorandums concerning the issue of whether or not Defendant had "standing" to question the warrantless search of a house he had temporarily resided in, and was an overnight or social guest.

### STANDING

Standing is analyzed based on two factors: "whether the individual, by his conduct, has 'exhibited' an actual (subjective) expectation of privacy,'" and "whether the individual's subjective expectation of privacy is one that society is prepared to recognize as 'reasonable'." ***Smith v. Maryland***, 442 U.S. 735, 740, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979) (quoting ***Katz v. United States***,

389 U.S. 347, 361, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring)). *United States v. Davis*, 932 F.2d 752, 756 (9th Cir. 1991). ("To contest the legality of a search under the fourth amendment, the defendant must demonstrate a legitimate expectation of privacy in the place or item searched by showing an actual subjective expectation of privacy which society is prepared to recognize").

"Legitimate presence on the premises is...relevant to, although not a talisman of, a legitimate expectation of privacy." *United States v. Pollock*, 726 F.2d 1456, 1465 (9th Cir. 1984). Courts therefore examine the circumstances of each case to determine whether a defendant has a legitimate expectation of privacy. "[A] defendant who enters into an arrangement that indicates joint control and supervision of the place searched may challenge a search of the place where contraband is concealed." *Id.*

The Ninth Circuit has also found standing when a defendant had a key to the apartment searched, was free to come and go as he pleased, stored things in a locked safe in the apartment, and had previously lived in the apartment. *Davis*, 932 F.2d at 757.

The Supreme Court has found that status as an overnight guest alone is enough to show an expectation of privacy in the home that society is prepared to recognize as reasonable. *Minnesota v. Olson*, 495 U.S. 91, 96-97, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990). However, a defendant's bald claim that he was an overnight guest is insufficient to establish an expectation of privacy that society recognizes, even if the defendant had his wallet, baptismal certificate, and social security card at the home in question, without any clothing or other indicia that he was living or staying there. *United States v. Armenta*, 69 F.3d 304, 308 (9th Cir. 1995).

The Fourth Amendment's protections do not attach to every visitor. For not every visitor "merely present wit the consent of the householder" has a legitimate expectation of privacy. *Carter*,

525 U.S. at 90, 119 S.Ct. 469. It is rather a foundational principle that "not all persons in the company of the property owner have the owner's right to assert the spatial protection." *Id* at 99, 119 S.Ct. 469 (Kennedy, J., concurring). Indeed, the Supreme Court has repeatedly held that the Fourth Amendment is not so broad as to encompass "anyone legitimately on the premises where a search occurs." *Id.* at 90, 119 S.Ct. 469; *see also Rakas*, 439 U.S. at 147-48, 99 S.Ct. 421. Thus, a temporary visitor to a residence-perhaps the mailman or pizza deliverer-cannot generally claim the Fourth Amendment's protections. *See, e.g., Carter*, 525 U.S. at 90, 119 S.Ct. 469; *Terry v. Martin*, 120 F.3d 661, 664 (7th Cir. 1997).

In *Minnesota v. Carter*, the Supreme Court held that visitors who were "essentially present for a business transaction" had no legitimate expectation of privacy in the apartment of a third party. 525 U.S. at 90, 119 S.Ct. 469; *see also United States v. Rhiger*, 315 F.3d 1283, 1286 (10th Cir. 2003) (interpreting *Carter* to create "a clear distinction between the status of individuals present at a residence for social purposes and those present for business or commercial matters"); *United States v. Gamez-Orduno*, 235 F.3d 453, 458 (9th Cir. 2000) (interpreting *Carter* to hold that "[a]n individual whose presence on another's premises is purely commercial in nature...has no legitimate expectation of privacy in that location").

## **CONCLUSION**

In the *instant* case, Defendant asserts that the condominium searched was not his residence. At the time of the search, Defendant had been staying in the condominium, had personal belongings there and can legitimately be considered as an overnight guest. Furthermore, Defendant was at the condominium of his girlfriend by himself when the condominium was searched, indicating that he could come and go as he pleased. Additionally, Defendant clearly was not at the condominium of his future wife for business purposes and was a social guest. Defendant had a reasonable and

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

legitimate expectation of privacy at the condominium and the Government's bold assertion that the U.S. 5th Army can march through someone's house at any time and the only person who can challenge the Government's intrusion is the owner is not what the framers of the Constitution had in mind.

Respectfully submitted this 30th day of May, 2008.

**TEKER TORRES & TEKER, P.C.**

By _____
SAMUEL S. TEKER, ESQ.
Attorneys for Defendant

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

-4-

## CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury according to the laws of the United States, that on this date I caused to be served, via hand delivery, filed-stamped copies of this document entitled *Defendant's Memorandum Re Standing; Certificate of Service*, on the following:

    Office of the United States Attorney
    108 Hernan Cortez Avenue, Suite 500
    Hagåtña, Guam 96910

DATED at Hagåtña, Guam, on May 30, 2008.

_____
**SAMUEL S. TEKER**

SST:cs
PLDGS:CRUZ, VINCE L.H.-USA vs.:021

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4