VHCruz

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> VINCE LUIS HOCOG CRUZ, ) <br> ) <br> Defendant. ) <br> _____ ) | CRIMINAL CASE NO. 04-00053 <br><br> UNITED STATES MEMORANDUM <br> CONCERNING DEFENDANT'S <br> STANDING |

An evidentiary hearing on defendant's motion to suppress the evidence seized at the apartment being rented by his girlfriend, B-31 Sunset Villa Condominiums, has been set for September 9, 2008, at 1:30. The court asked the parties to be prepared to discuss United States v. Howard, 447 F.3d 1257 (9th Cir. 2006).

When defendant first filed his motion to suppress, he characterized the Sunset Villa condo as his residence. Thus, in his October 10, 2007, motion he asked for an order "suppressing evidence from Defendant's residence." On April 18, 2008, for the first time, he asserted this address was not his residence. Given the facts of this case, it does not matter whether defendant lived at this condo at the time of the parole search: his motion should be denied in any event.

The issue of parole searches has already been thoroughly briefed. There is no dispute that defendant waived his Fourth Amendment protections concerning his residence. Obviously

1

the government cannot justify a warrantless parole search of a place if the parolee does not live there.  Howard merely stands for the proposition that parole officers must have probable cause to believe the parolee is in fact residing at the place they search.  The Westlaw cite contains the parties' appellate briefs, which reflect that the sole issue was whether there was reason to believe Howard resided at the place searched, his girlfriend's apartment.  It appears that the government put all its eggs into this basket, and did not address the legitimacy of the search if it transpired that in fact Howard lived elsewhere and was just staying with his girlfriend occasionally.

The first consideration in any Fourth Amendment analysis is whether the defendant has an expectation of privacy in the premises searched, which society is prepared to recognize.  Here, if Cruz was not residing at Millie Santos' condo, he has the burden of proving that he has standing to contest the search of her condo, by demonstrating what he was doing there.  Overnight guests have standing to object to the search of the place where they are staying, ordinary guests do <u>not</u>.  "[H]osts will more likely than not respect the privacy interests of their guests, who are entitled to a legitimate expectation of privacy despite the fact that they have no legal interest in the premises and do not have the legal authority to determine who may or may not enter the household."  <u>Minnesota v. Olson</u>, 495 U.S. 91, 99 (1990).  A guest who is merely on the premises, however, does not have such standing. "Thus, an overnight guest in a home may claim the protection of the Fourth Amendment, but one who is merely present with the consent of the householder may not."  <u>Minnesota v. Carter</u>, 525 U.S. 83, 90 (1998).  In <u>Carter</u>, the defendants were guests in the resident of a friend, where they were packaging cocaine when observed by a policeman.  The Court rejected their contention that they had the right to object to the search of their friend's home; merely being on the premises with the owner's permission is not sufficient.

For that matter, simply being an overnight guest may not be sufficient to give a person standing in the premises.  Whether the guest had a key to the place, stored his personal items there, and was free to come and go as he pleased, are important factors in deciding whether he can be accorded the privacy protection of an overnight guest.  <u>United States v. Armenta</u>, 69 F.3d 304 (9th Cir. 1995).  Armenta was driving a motor home with cocaine from Mexico to California,

- 2 -

and had stopped for the night at a house in Rialto, California. Although he stayed at the house overnight, the court held he was not the sort of guest which Olson intended to protect: he had "no clothing or other indicia that he was even temporarily living or staying there." Id. at 309.

Thus, assuming that defendant was not living with Millie Santos, defendant has the burden of proving he has standing to object to the warrantless search of her residence. This may be particularly difficult in light of Santos' declaration filed May 21, 2008. She said defendant was not living with her, he was not renting the apartment, and he only had a small basket of clothes in the bedroom. The search occurred Thursday, January 29, 2003. According to Santos, defendant had stayed the weekend before (January 23-26), then moved back home. It appears he did not even have a key to her place, nor any way to gain access unless she let him in. Thus, by Santos' own declaration, defendant was not even an overnight guest on the night of the search, but merely a person who had permission to be on the premises. As such, defendant had no Fourth Amendment interest in Santos' apartment.

One would note, paraenthetically, that defendant is in a *Catch-22* situation here. His parole officer had given him permission only to stay with Santos the weekend of January 23-26. If he was living with her thereafter, he was doing so unlawfully because he was in breach of his conditions of parole. Rakas v. Illinois, 439 U.S. 128 (1978) specifically indicated that the courts will only recognize the privacy interests of persons who are legitimately on the premises. Thus, as Rakas indicated at p.143, FN 12, a burglar cannot assert Fourth Amendment protections in the home he has unlawfully entered. Similarly, one who has obtained a hotel room with a stolen credit card cannot assert a legitimate expectation of privacy in that room. United States v. Cunag, 371 F.3d 1060 (9th Cir. 2004).

In summary, defendant's motion to suppress should be denied. If he was residing with Santos, the parole officers had the right to perform a warrantless search of her apartment, because it was his residence. If he was living with her temporarily, he was in violation of his conditions of parole: his presence there was illegal, and as such was not protected by the Fourth Amendment. If he was just visiting that evening, as a mere guest he had no Fourth Amendment interest in Santos' apartment at all.

- 3 -

RESPECTFULLY SUBMITTED this  8th  day of August, 2008.

                                  LEONARDO M. RAPADAS
                                  United States Attorney
                                  Districts of Guam and CNMI

BY:   /s/ Karon V. Johnson
        KARON V. JOHNSON
        Assistant U.S. Attorney

- 4 -