DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> VINCE LUIS HOCOG CRUZ, <br><br> Defendant. | Criminal Case No. 04-00053 <br><br> **ORDER RE GOVERNMENT'S REQUEST TO COMMENCE TRIAL OCTOBER 2** |

This matter is before the court on the Government's Request to Commence Trial October 2. On September 30, 2008, this case came before the court for a final pretrial conference. At that time, the court discussed the trial time expectations of counsel. Counsel for the defendant stated that he needed more time to adequately prepare his defense. For instance, counsel informed the court that he still needed to obtain additional discovery[1] and would like more time to discuss the evidence with his client. Consequently, the court informed the parties that it would empanel the jury on October 2 and continue the trial to the 27th of October. The Government posed no objection to the court's proposed schedule.

---

[1] Counsel stated that he needs to obtain and review the testimony of one of the government's key witness which was recorded during a recent re-sentencing hearing in Criminal Case No. 05-00016.

The Government now requests the court begin trial on October 2, 2008. Specifically, the Government contends that the Speedy Trial Act ("Act"), 18 U.S.C. § 3162, will be violated if the court does not begin trial immediately after the jury is selected and impaneled. The court does not agree. "For purposes of the Act, trial in a jury case 'commences' with the voir dire . . . ." *United States v. Manfredi*, 722 F.2d 519, 524 (9th Cir. 1984). As noted, the jury will be empaneled on October 2, 2008.

The Government seemingly suggests that the court is delaying the start of the trial start because of a congested docket. The court's docket is admittedly full during the intervening time between the 2nd and 27th of October. However, the court did not continue the trial on this basis. The court will not continue a criminal trial to accommodate its own calendar. The paramount reason the court continued the trial here was to give counsel additional time to adequately prepare for trial.

Counsel has been diligent in his representation of the defendant.[2] The request for additional time was made in good faith and is well-taken. The Defendant will not suffer prejudice by the delay; to the contrary, he will benefit. Accordingly, the court finds that the time between October 3, 2008, to and including October 27, 2008, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(8)(A) and that the ends of justice are best served by continuing the case as proposed and outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act, 18 U.S.C. § 3161.

///

///

---

[2] Counsel's diligence is evidenced by the several motions filed on behalf of the defendant.

If counsel for the defendant believes this Order is contrary to his representation to the court, he shall file a response by 8:00 a.m. on October 2, 2008.

**IT IS SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Oct 01, 2008**