# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

UNITED STATES OF AMERICA,

Plaintiff,

vs.

VINCE LUIS HOCOG CRUZ,

Defendant.

Criminal Case No. 04-00053

**ORDER AND OPINION RE: SENTENCING**

Theسentencing hearing for the Defendant, Vince Luis Hocog Cruz came before this court on May 4, 2010. At the hearing, Defendant's counsel argued that the Defendant should be sentenced to Offense Level 12 of the Sentencing Guidelines ("Guidelines") because of an erroneous jury instruction given at trial. After hearing argument from counsel, the court sentenced the Defendant with a criminal history category of V to 130 months under Offense Level 28 of the Guidelines. For the reasons discussed more fully herein, the court sets forth the bases for its decision.[1]

## I. BACKGROUND

In November 24, 2004, the Defendant was indicted with one count of Distribution of Methamphetamine Hydrochloride (Count one) and one count of Possession of Methamphetamine Hydrochloride with Intent to Distribute (Count two). Count one alleged that the Defendant knowingly distributed more than 1.5 kilograms of methamphetamine hydrochloride, also known as

---

[1] Ordinarily the court does not find it necessary to issue an order after sentencing a defendant, however, in this instance the court believes it important to more fully address the sentence given to the Defendant.

"ice" in violation of Title 21 U.S.C. §§ 841(a)(1) and 846. Count two alleged that the Defendant, unlawfully and knowingly possess[ed] with intent to distribute 31.9 grams net weight of methamphetamine hydrochloride, also known as "ice" in violation of Title 21 U.S.C. § 841(a)(1).

The Defendant left Guam before he could be apprehended and brought before the district court to answer to the charges. He eventually was arrested in Texas in August of 2007 and was brought back to Guam. After a motion to suppress, which was denied, the Defendant chose to go to trial. The trial lasted six days, it began on October 2, 2008, and was continued to October 27, 2008, concluding on October 31, 2008. The jury found the Defendant not guilty as to Count one and guilty as to Count two. *See* Docket Nos. 91 and 93.

The Defendant's sentencing was then scheduled for February 17, 2009. However, because of defense counsel's travel and/or Government counsel's travel and substitution of counsel for the Defendant the sentencing was continued several times and eventually was scheduled for May 4, 2010. Prior to the sentencing, the Defendant filed an objection to the Presentence Investigation Report ("PSR"). *See* Docket No. 126.

## II. DISCUSSION

As noted, the Defendant filed an Objection, specifically, he objected to Paragraph 27 of the PSR wherein it states:

> <u>Base Offense Level</u>: The guideline for Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a) is found under § 2D1.1. The base offense level is set forth in § 2D1.1(a)(3), which refers to the Drug Quantity Table under subsection (c). The defendant was found guilty at trial of possessing 31.9 net grams of methamphetamine hydrochloride or Ice (86%). The amount of Ice that is at least 20 grams but less than 35 grams correspond to a base offense level of twenty-eight.

The Defendant claims that he was only found guilty of possessing a measurable amount of methamphetamine hydrochloride which would correspond to a base level of twelve under § 2D1.1(c)(14) of the Guidelines. *See* Docket No. 126. The Defendant argues that he is only guilty to the lesser amount of drugs because of an erroneous jury instruction.

At trial, the court had instructed the jury as follows:

> In order for the defendant to be found guilty of the charge in Count two of the indictment, the government is not required to prove the amount of quantity of methamphetamine hydrochloride. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of methamphetamine.

*See* Docket No. 85, Instruction No. 14.

Therefore, the Defendant claims that because the court instructed the jury that the Government only had to prove that there was a measurable or detectable amount the correct offense level under the Guidelines is 12, which corresponds with a measurable or detectable amount of methamphetamine hydrochloride .

The Government agrees that the last paragraph of Instruction 14 should not have been given.[2] However, it claims that the remedy for such error could be a retrial, or, the court could simply see that the mistake was harmless. The harmless error doctrine, "recognizes the principle that the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence, ... and promotes public respect for the criminal process by focusing on the underlying fairness of the trial." *Neder v. United States*, 527 U.S. 1, 18 (1999) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986)).

The omission of an element of the offense from the instructions is subject to harmless error analysis. *Neder*, 527 U.S. 1 (1999). This is true even in cases where the court misstates an element of the offense. *Pope v. Illinois*, 481 U.S. 497 (1987); *see also Van Arsdall*, 475 U.S. at 681 ("[A]n otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt").

A jury instruction is harmless if it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Neder*, 527 U.S. at 18. The court looks to the record to see if it reflects whether the "jury verdict would have been the same absent the error– for example, where the defendant contested the omitted element and raised evidence sufficient to support a contrary finding-it should not find the error harmless." *Id.* at 19. In *United States v. Gracidas-Ulibarry*, 231 F.3d 1188 (9th Cir. 2000), the district court had failed to accurately

---

[2] Neither the Government nor the Defendant objected to the instruction at trial.

instruct the jury on the element of specific intent and thus, committed constitutional error. The court held that the error was harmless beyond a reasonable doubt because overwhelming and uncontested evidence demonstrated that the defendant did consciously desire to reenter the United States without consent. *Id.* at 1197.

In *United States v. Green*, 592 F.3d 1057 (9th Cir. 2010), defendant was charged with numerous counts of wire fraud, bid rigging and conspiracy to commit wire and mail fraud. The court erroneously instructed the jury on the theory of vicarious liability, telling them that defendant was criminally liable if the offense was reasonably foreseeable by her co-conspirators, when in fact she could only be held liable for offenses foreseeable by herself. The court stated that although the instruction was erroneous, that was not the end of the inquiry. The court went on to find that the error was harmless because "the evidence was overwhelming that [the defendant] was at the center of each of the fraudulent schemes." *Id.* at 1071. *See also United States v. Anchrum*, 590 F.3d 795, 803 (9th Cir.2009) (A jury instruction error is harmless if it is ' "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." ' (quoting *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1197 (9th Cir.2001).

In *United States v. Smith*, 561 F.3d 934 (9th Cir. 2009), the trial court stated that to support a conviction for an assault with a dangerous weapon, the jury needed to find "the defendant used a prison-made knife." Although the trial court then defined under what circumstances a prison-made knife constitutes a dangerous weapon, the instructions did not unambiguously require the jury to find the prison-made knife was, in fact, a dangerous weapon. The Ninth Circuit found that the court had omitted an essential element of the charge, whether the knife was a dangerous weapon. The court nevertheless affirmed the conviction, holding that there was overwhelming and uncontradicted evidence at trial which established that in fact the knife was a dangerous weapon. *Id.* at 939.

The Government points out that in this case it was undisputed that 31.9 grams of methamphetamine hydrochloride was found in the Defendant's bedroom, and that whoever

possessed it had the intent to distribute it.[3] At trial the Defendant stipulated to the admission of Exhibit 2, which was the laboratory report stating that 31.9 grams of methamphetamine hydrochloride of more than 80% purity was the substance seized from the Defendant's bedroom. *See* Docket No. 83, Stipulation. The main focus of the defense was directed to Count one, in an attempt to avoid a conviction for dealing more than 50 grams of methamphetamine hydrochloride, which would have brought a far more serious sentence.[4] The Government argues that there was overwhelming and uncontradicted evidence of the weight of the methamphetamine hydrochloride in Count 2, therefor the error was harmless. The court agrees with the Government. Given the evidence presented to the jury regarding the amount of methamphetamine hydrochloride the Defendant possessed, it is clear beyond a reasonable doubt that any rational juror would have found that the Defendant possessed 31.9 grams of methamphetamine hydrochloride.

### III. CONCLUSION

Based upon the foregoing, the court finds that the Defendant was in fact found guilty by the jury of Count two, Possession with Intent to Distribute 31.9 grams net weight of methamphetamine hydrochloride. Accordingly, he is sentenced to 130 months at an Offense Level 28, criminal history category of V of the Sentencing Guidelines.

**IT IS SO ORDERED.**

**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: May 06, 2010**

---

[3] At trial, Parole Officer Donna Cruz testified that she had found "ziplock, little zippies, and rubberbands and an electronic scale, all indicative of drugs." *See* Docket No. 119, p.59:10-14. She stated that in her experience when one has a gram scale "[t]hey're dealing drugs." *Id.* at 61:1-3.

[4] The court agrees with the Government that the defense at trial was focused more on Count one. In fact, during the course of this case, the Defendant had at one time intended upon entering a plea of guilt to Count two of the Indictment and go to trial on Count one. *See* Docket No. 24.